The cause was argued at July Term, 1816, and the Court held it under advisement till this term.
The question presented by this record is whether the damage done to the plaintiff's goods was occasioned by any of those causes which, according to the general rules of law, or the contract of the parties in the particular case, afford an excuse for not carrying them in safety.
Though there is a common form of bills of lading in use, yet, like every other contract, it may be moulded according to the will of the parties by whom it is made; it may be framed without any exceptions, and then left to be construed by the general principles of law, or other exceptions than those usually inserted may be introduced, and thus the responsibility of the master or owner narrowed. In Smith v. Shepard, Abbot, 165, there was no bill of lading, and the decision was made on general principles, applicable to common carriers, that the act of God which would excuse the defendant must be immediate. Afterwards several exceptions were added to the form, and, besides natural accidents, *Page 382 
many which proceed from the agency of men are now commonly provided against. But the parties in this case have thought proper to stipulate that only perils of the sea shall excuse the defendant for the nonperformance of his contract, and therefore it is clear that he undertakes, at all hazards, to indemnify the plaintiff against all other perils or losses. The unskillfulness of the pilot occasioned the loss; (524) and as that is not a peril of the sea, the plaintiff is entitled to recover.
I think it is equally clear that the plaintiff has his election to sue either the master or the owner upon a bill of lading. The law will not compel him to search for the owners and sue them; they may be in a foreign country, or it might be impossible to find. Morse v. Slue, Ventris, 190, 238.
But I am not prepared to say that the master would not be liable, even in an action founded on tort, for damage done to the goods while the pilot was on board. The inclination of my mind is rather that he would be liable. The opinion of the Court in Snell v. Rich seems to be founded on the circumstance that the master was not on board when the accident happened. In Berry v. Donaldson, 4 Dallas, 206, an action of tort was held to be maintainable against the owner of the vessel. And Molly, who writes exclusively on Maritime Law, says: "But if a ship shall miscarry coming up the river, under the charge of the pilot, it has been a question whether the master should answer in case of the insufficiency of the pilot, or whether the merchant may have his remedy against both. It hath been conceived that the merchant may hath his election to charge either; and if the master, then he must like himself whole of the pilot."